**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **BRIAN WHITE,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 4:22-cv-713** |
| **U.S. BANK, N.A., AS TRUSTEE FOR MASTR ASSET BACKED SECURITIZED TRUST 2007-WMCI, PHH MORTGAGE COMPANY, STATEBRIDGE COMPANY, LLC, ET AL.,** | § § § § § § § | |
| | § | |
| ***Defendants.*** | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants PHH Mortgage Corporation[1] ("***PHH***"), and U.S. Bank National Association, as Trustee for the Registered Holders of MASTR Asset Backed Securities Trust 2007-WMC1 Mortgage Pass-Through Certificates Series 2007-WMC1[2] ("***U.S. Bank***," and together with PHH, the "***Defendants***") file this Notice of Removal based on federal question and diversity jurisdiction.

## I. INTRODUCTION

1. On April 27, 2022, Plaintiff Brian White ("***Plaintiff***") filed an original petition (the "***Original Petition***") in the 481st Judicial District Court for Denton County, Texas under Cause No. 22-3284-481 ("***State Court Action***"). Prior to the issuance of a citation and service of the Original Petition, on July 26, 2022, Plaintiff filed a First Amended Complaint for Accounting, Damages, and Other Relief (the "***Complaint***"). The Complaint is brought against Defendants and Statebridge Company, LLC ("***Statebridge***").

[1] Erroneously sued as "PHH Mortgage Company."
[2] Erroneously sued "U.S. Bank, N.A., as Trustee for MASTR Asset Backed Securitized Trust 2007-WMCI."

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto, marked as composite **Exhibit A**, and incorporated herein by reference.

3. The undersigned has obtained Statebridge's consent to the removal of the State Court Action.

## II. TIMELINESS OF REMOVAL

4. Defendants were served with citation on July 27, 2022. Because this Notice of Removal is being filed within 30 days of this service date, it is timely pursuant to 28 U.S.C. § 1446(b).[3]

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

### *A. Citizenship of the Parties.*

6. Plaintiff is domiciled in the State of Texas and is therefore a citizen of Texas.[4]

7. PHH is a corporation incorporated in New Jersey with its principal place of business in Mount Laurel, New Jersey. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[5] Therefore, for diversity purposes, PHH is a citizen of New Jersey.

---

[3] *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").

[4] *Complaint*, ¶ 3 ("Plaintiff is now, and at all times relevant to this action, has been a resident of Denton County, in the State of Texas . . ."); *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (For purposes of determining citizenship, "[e]vidence of a person's place of residence [] is prima facie proof of his domicile.").

[5] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).

8. U.S. Bank is a national banking association, organized under the laws of the United States of America, with its main office located in Cincinnati, Ohio. National banking associations are deemed citizens of the States in which they are respectively located, pursuant to 28 U.S.C. § 1348.[6] As held by the U.S. Supreme Court in the *Wachovia Bank v. Schmidt* decision, a national banking association, for the purposes of 28 U.S.C. § 1348, is "located" in the state designated in its articles of association as locus of its main office, not in every state where it has branch offices.[7] Therefore, for diversity purposes, U.S. Bank is a citizen of Ohio.

9. Statebridge is a Colorado limited liability company organized and existing under the laws of the State of Colorado with a principal place of business in Greenwood Village, Colorado.[8] After conducting due diligence, and upon information and belief, Defendants contends that Statebridge's members are domiciled in the State of Colorado. As a result, Statebridge is a citizen of Colorado.[9]

10. While the Complaint also identifies Doe Defendants, they are fictitious entities whose citizenship is not considered for diversity purposes.[10]

11. In light of the foregoing, there is complete diversity of citizenship between Plaintiff, and Defendants and Statebridge.

***B. The Amount in Controversy Exceeds $75,000.00.***

12. Plaintiff alleges a number of causes of action against Defendants, pursuant to which

[6] *See* 28 U.S.C. § §1348.
[7] *Wachovia Bank v. Schmidt,* 126 S.Ct. 941, 546 U.S. 303, 163 L.Ed.2d 797, on remand 445 F.3d 762 (U.S. 2006).
[8] *See* Colorado Secretary of State Periodic Report filed by Statebridge on July 11, 2022, attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Colorado Secretary of State record because it is of public record, the information it provides is readily ascertainable, and the source — the Colorado Secretary of State — cannot be reasonably questioned. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).
[9] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").
[10] *See Molina v. Wal-Mart Stores, Texas, LLC*, 2019 WL 410392, at * 5 (W.D. Tex. 2019) (noting that courts do not consider the citizenship of doe defendants for diversity purposes).

he seeks actual damages, statutory damages, mental anguish damages, punitive damages, and costs of court, as well as injunctive relief to restrain Defendants from selling the real property which is the subject matter of this lawsuit, commonly known as 3301 Cliffview Drive, Denton, Texas 76210 (the "***Property***").[11]

13. In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.[12] When the object of litigation is real property, as is the case here, the fair market value of the property is the proper measure of the amount in controversy.[13] Here, the Property is valued at $279,486.00.[14] Because Plaintiff seeks injunctive relief as to the Property and Property is valued well in excess of $75,000.00, the amount in controversy requirement for removal based on diversity jurisdiction is met.

## IV. BASIS FOR REMOVAL: FEDERAL QUESTION

14. This Court also has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the Complaint enumerates multiple claims that arise under federal law. More specifically, Plaintiff enumerates claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("***FDCPA***"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. ("***RESPA***") and regulations issued by the Consumer Financial Protection Bureau ("***CFPB***"), and a civil action for deprivation of rights pursuant to 42 U.S.C. § 1983.[15]

15. Federal question under 28 U.S.C. § 1331 "exists when a well-pleaded complaint

[11] *Complaint*, ¶¶ 13, 68-70, 72-77.
[12] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[13] *See id*.
[14] *See* Denton Central Appraisal District Property Details attached as **Exhibit C**. It is appropriate for the court to take judicial notice of the Denton Central Appraisal District record because it is of public record, the information it provides is readily ascertainable, and the source — the Denton Central Appraisal District — cannot be reasonably questioned. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).
[15] *See* Complaint, ¶¶ 55-66; 158-177; 190-217.

establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[16] "Courts have routinely held that allegations of violations of RESPA give rise to federal question jurisdiction."[17] Moreover, where a mortgagor's complaint references the FDCPA in an action challenging foreclosure, this is sufficient to invoke federal question jurisdiction, and properly remove the case to federal court.[18]

16. Additionally, the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims because they share a common nucleus of operative facts with this federal claims.[19]

## V. VENUE

17. Venue for this removal is proper in the U.S. District Court for the Eastern District of Texas, Sherman Division, because this district and division include Denton County, Texas, the location of the pending State Court Action.

## VI. ADDITIONAL REQUIREMENTS

18. In accordance with 28 U.S.C. §1446(d), promptly after filing this Notice of Removal, Defendants will provide Plaintiff with written notice of this removal, and a copy of this Notice of Removal will be filed with the district clerk of Denton County, Texas.

19. In the event that Plaintiff attempts to seek remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

---

[16] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (citation and internal quotations omitted).
[17] *Perez v. Wells Fargo USA Holdings, Inc.*, 2019 WL 6687704, at *3 (S.D. Tex. 2019) (collecting cases).
[18] *French v. EMC Mortg. Corp.*, 566 Fed.Appx. 285, 286-87 (5th Cir. 2014).
[19] *See e.g., Good v. Prof-2013-S3 Legal Title Tr. IV,* 2018 WL 654550, at *3 (N.D. Tex. 2018) (finding supplemental jurisdiction where state law and federal claims were based on the same alleged wrongful conduct relating to foreclosure proceedings).

20. Defendants reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE**, having satisfied the requirements for removal, Defendants give notice that Cause No. Cause No. 22-3284-481, originally filed in the 481st Judicial District Court for Denton County, Texas, has been removed to this Court.

Respectfully submitted,

**MCGLINCHEY STAFFORD, PLLC**

**By:** */s/ Thomas W. White, Jr.*
**BRIAN A. PAINO**
State Bar No. 24065862
**THOMAS W. WHITE, JR.**
State Bar No. 24102645
**MCGLINCHEY STAFFORD, PLLC**
1001 McKinney Street, Suite 1500
Houston, TX 77002
(713) 335-2135
(713) 520-1025 (Facsimile)
bpaino@mcglinchey.com
twhite@mcglinchey.com

**ATTORNEYS FOR PHH MORTGAGE CORPORATION AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF MASTR ASSET BACKED SECURITIES TRUST 2007-WMC1 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-WMC1**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2022, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all counsel of record by operation of the Court's electronic filing system, and served as indicated below:

***Via CMRRR***
Brian White
3301 Corinth Dr.
Corinth, TX 76210
Tel: 940-218-5331
E-mail: Trueliberty55@gmail.com

***Via CMRRR***
Statebridge Company LLC
6061 Willow Dr.
Greenwood, CO 80111

*/s/ Thomas W. White, Jr.*
**Thomas W. White, Jr.**