**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **BRIAN WHITE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-713-SDJ-KPJ** |
| | § | |
| **STATEBRIDGE COMPANY, LLC,** *et al.*, | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants U.S. Bank National Association, as Trustee for the Registered Holders of MASTR Asset Backed Securities Trust 2007-WMC1 Mortgage Pass-Through Certificates Series 2007-WMC1 ("U.S. Bank,") and PHH Mortgage Corporation's ("PHH") [1] Motion to Dismiss (the "Motion") (Dkt. 5). To date, Plaintiff Brian White ("Plaintiff") has not filed a response, despite two extensions of the deadline to respond and a warning from the Court. For the reasons that follow, the Court recommends the Motion (Dkt. 5) be **GRANTED**.

## I.    BACKGROUND

On August 19, 2022, U.S. Bank and PHH filed a Notice of Removal (Dkt. 1), removing Plaintiff's action against U.S. Bank, PHH, Statebridge Company, LLC ("Statebridge,"), and Does 1-100 (together, "Defendants") originally filed in the 481st Judicial District Court for Denton County, Texas, to federal court. *See* Dkt. 1 at 1; Dkt. 4 at 3. U.S. Bank and PHH assert the Court has original jurisdiction over this lawsuit pursuant to both diversity jurisdiction under 28 U.S.C.

---

[1] In the Motion (Dkt. 5), PHH and U.S. Bank explain they have been improperly named as "PHH Mortgage Company" and "U.S. Bank, N.A., as Trustee for MASTR Asset Backed Securitized Trust 2007-WMCI." *Id.* at 1 n.1, n.2.

Section 1332(a) and federal question jurisdiction under 28 U.S.C. Section 1331. *See* Dkt. 1 at 2–5.

Plaintiff, proceeding *pro se*, filed his original petition on April 27, 2022. *See* Dkt. 1 at 1. On July 26, 2022, Plaintiff filed the amended Complaint (the "Amended Complaint") (Dkt. 4) alleging that "at all times relevant to this action, [he] has been a resident of Denton County, in the State of Texas . . . ." *Id.* at 2. Plaintiff alleges that in October 2006, he executed a Deed of Trust in favor of WMC Mortgage Company as a security for a second mortgage of $24,450 at 8.55% interest for his property located 301 Cliffview Dr., Corinth, Texas 76210 (the "Property"). *See id.* at 2, 5. Plaintiff alleges he was "tricked at the closing table when the lender added $4,500 as back due taxes", and it became difficult to pay the first and second mortgages when "[t]he original payment on the first mortgage . . . later went up $814.00. . . . ." *Id.* Plaintiff asserts he agreed to two "notes" in October 2006, with the "1st note" for $98,000 (the "First Loan") and the "2nd Note" for $20,000 (the "Second Loan," and together with the First Loan, the "Loans").[2] *See id.* These Loans then allegedly "changed hands" in 2008 with "Ocwen [Loan Servicing]" obtaining the First Loan and Statebridge obtaining the Second Loan. *Id.* Plaintiff asserts there was a loan modification with Ocwen Loan Servicing in 2010 for the First Loan, and Plaintiff "[p]aid 2nd with Statebridge no loan mod[ification] and stop receiving correspondence no bills nothing stop paying." *Id.* at 5. Plaintiff also asserts Ocwen Loan Servicing acted as a new servicer in 2011. *See id.* Plaintiff alleges in 2013, he modified his loan with Ocwen Loan Servicing again and "in 2017 PHH took over [O]cwen [Loan Servicing] lost in many court battles [sic] the [m]erger took place." *Id.* at 6. Plaintiff alleges he fell behind on payments, made a new "supplement[al] agreement to catch up on payments," a new clause "showed up with ridiculous APR," and he "[f]ought back and

---

[2] Plaintiff refers to the Second Loan as the second mortgage interchangeably throughout his Amended Complaint (Dkt. 4). *See generally id.*

agreement went back to original." *Id.* Plaintiff alleges in 2019, "Statebridge Company LLC came out of the wood work and move[d] to foreclose," he was "able to keep up with the PHH payments for the most part until 2021," Statebridge filed to foreclosure on the Property on May 2, 2022, and Plaintiff's Property "was auctioned off but Trustee gave back the moneys Same buyer as now." *Id.* at 7. Plaintiff asserts the "modification granted by Ocwen Loan Servicing in 2011 was supposed to lower Plaintiff's payment but did not which is a violation of the FDCPA." *Id.* Plaintiff asserts he received a forensic audit of his mortgage in April 2022, that represents Statebridge was not found in the search of the Texas business database, allegedly "mean[ing] that Statebridge Company, LLC does not have the proper license to operate in the State of Texas." *Id.* Plaintiff further alleges, "U.S. Bank, . . . nor Statebridge . . . contains [any] valid proof that [Statebridge] had been appointed servicer or how it was appointed servicer nor does it prove the evolution of the mortgage from [Statebridge] to U.S. Bank . . . ." *Id.* at 12.

Plaintiff asserts the following claims: (1) unjust enrichment, as U.S. Bank "surrendered its right to collect by lawsuit on the obligation" and "collect money from unlawful lawsuits filed by selling accounts to collection firms," Dkt. 4 at 17–18; (2) violations of the Fair Credit Extension Uniformity Act ("FCEUA"), a Pennsylvania statute, *see id.* at 19–20; (3) violation of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. Sections 1692–1692p, *see id.* at 20–22; (4) detrimental reliance for illegally commencing a foreclosure sale of Plaintiff's Property, *see id.* at 22–29; (5) slander of title as there was a statement "[d]erogatory to another's title . . . [w]ith malice . . . and [c]ausing special damages," *id.* at 30; (6) fraud in concealment, as "Defendants concealed the fact that the [l]oans were securitized as well as the terms of the Securitization Agreements," *id.* at 31; (7) fraud in inducement, as "Defendants, intentionally misrepresented to Plaintiff those Defendants were entitled to exercise the power of sale provision contained in the Mortgage/Deed

of Trust," *id.* at 33; (8) unconscionable contract, as "[t]he actions of Defendants . . . resulted in Plaintiff being forced, tricked, and mislead into parting with his [P]roperty" and the loan "was a highly predatory adjustable rate loan starting at 8.55% interest with a balloon payment," *id.* at 36; (9) breach of contract, as U.S. Bank "failed to satisfy, release and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Deed of Trust," *id.* at 37; (10) violations of the Consumer Credit Protection Act ("CCPA") under "15 U.S.C. Section 1461(g)", as "Defendants violated the CCPA by . . . refusing to disclose the purported assignments/transfer of the Promissory Note and DOT," *id.* at 38; (11) violation of Federal Regulations, Regulation, X 12 C.F.R. Section 1204.41(b)(2)(i)(A), *see id.* at 38–42; (12) intentional and negligent infliction of emotional distress, *see id.* at 42–44; (13) deprivation of civil rights under 42 U.S.C. Section 1983 in violation of the Takings clause of the Fifth Amendment, the due process clause of the Fourteenth Amendment, and the right to free expression under the First Amendment, *see id.* at 44–46; (14) "Negligent Deprivation of Civil Rights" under 42 U.SC. Section 1983, as Defendants "pursu[e] a sham Civil complaint case after sham notices of violations against Plaintiff," *id.* at 47; (15) conspiracy to violate civil rights under 42 U.S.C. Section 1983, *see id.* at 48–49; (16) conspiracy to violate civil rights under 18 U.S.C. Sections 241, 242, and 18 U.S.C. Section 1005, *see id.* at 49–52; and (17) a claim for declaratory and injunctive relief, requesting the Court declare U.S. Bank violated the FDCPA, enter a judgment in Plaintiff's favor for four million dollars, and enjoin U.S. Bank "from suing any class members to collect receivables that U.S. Bank . . . has securitized . . . ." *Id.* at 53.[3]

---

[3] Plaintiff's caption in the Amended Complaint (Dkt. 4) references a "6. Breach of Fiduciary Duty" but does not state such a cause of action anywhere in the body of the Amended Complaint. *See id.* Thus, the Court does not address whether Plaintiff has sufficiently alleged a breach of fiduciary duty claim.

On August 26, 2022, U.S. Bank and PHH filed the Motion (Dkt. 5), wherein they assert Plaintiff should be judicially estopped from pursuing these claims because Plaintiff filed for bankruptcy, *In re Brian White*, No. 20-40008, (E.D. Tex. Bankr. Jan. 2, 2020), and "certified in his sworn bankruptcy schedule . . . that he did not have any claims against third parties and that the validity of First and Second loan were undisputed." Dkt. 5 at 4, 7. U.S. Bank and PHH further argue "[a]ll of Plaintiff's claims in this action are based on [Plaintiff's] generalized allegations that Defendants and Statebridge have no right to enforce the First Loan and/or Second Loan," which is "wholly inconsistent with the position he took in the January 2020 Bankruptcy." *Id.* at 7. U.S. Bank and PHH further argue Plaintiff fails to state a claim for any cause of action, as Plaintiff: fails to plead the requisite elements; the statute of limitations has passed; such causes of action do not exist; and Plaintiff merely recites the elements of causes of action in a conclusory fashion. *See generally id.* Additionally, U.S. Bank and PHH ask that the Court take judicial notice of several documents, including, the first priority deed of trust in favor of WMC Mortgage Company encumbered by a loan in the amount of $97,800 (the "First Deed of Trust") (Dkt. 5-2), the assignment of the lien from WMC Mortgage Company to U.S. Bank on November 9, 2010 (the "U.S. Bank Lien Assignment") (Dkt. 5-3), the second purchase money security document in favor of WMC Mortgage Company with a loan in the amount of $24,450 (the "Second Deed of Trust") (Dkt. 5-4), and an April 24, 2009 assignment of the lien from WMC Mortgage Company to Anson Street, LLC (the "Anson Lien Assignment") (Dkt. 5-5). *See* Dkt 5 at 3.

On September 13, 2022, Plaintiff filed a Motion for Extension of Time to Respond to Motions to Dismiss (the "Motion for Extension Time") (Dkt. 10), wherein Plaintiff represented the previous orders had been sent to the incorrect address. *See generally id.* On September 27, 2022, U.S. Bank and PHH filed a response (Dkt. 11), representing that previous service of the

Notice of Removal (Dkt. 1) was sent to the incorrect address and, therefore, they did not oppose the Motion for Extension of Time (Dkt. 10). *See* Dkt. 11. On September 28, 2022, the Court granted the Motion for Extension of Time (Dkt. 10) and ordered that Plaintiff respond to the Motion (Dkt. 5) by October 26, 2022. *See* Dkt. 12. The September 28, 2022 Order was sent to Plaintiff certified mail return receipt requested to Plaintiff's updated address. *See id.* On October 4, 2022, the Court ordered the Clerk of Court add Plaintiff's email address to Plaintiff's address of record and to send all previous case filings to Plaintiff by email. *See* Dkt. 13. After Plaintiff failed to file a response by the extended deadline, the Court again ordered Plaintiff to file a response, if any, on or before fourteen (14) days of receipt of the November 3, 2022 Order (Dkt. 14) and that the November 3, 2022 Order be sent by email and by certified mail return receipt requested. *See id.* On November 4, 2022, the September 28, 2022 Order (Dkt. 12) was returned marked "RETURN TO SENDER – UNCLAIMED – UNABLE TO FORWARD". *See* Dkt. 15. On January 4, 2023, the November 3, 2022 Order (Dkt. 14) was returned marked "RETURN TO SENDER – UNCLAIMED – UNABLE TO FORWARD". *See* Dkt. 17. To date, Plaintiff has not filed a response to the Motion (Dkt. 5).[4]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are disfavored, the Court must accept all well-pleaded facts in the plaintiff's complaint as true, "even if doubtful or suspect," and view them in the light

---

[4] Approximately five months has passed since U.S. Bank and PHH filed the Motion (Dkt. 5) and Plaintiff has not filed responsive briefing. *See* LOCAL RULE CV-7(e) (providing that a party opposing a motion has fourteen days from the date the motion was served in which to file a response). A failure to respond to a motion to dismiss creates the presumption Plaintiff has no facts to controvert the motion. *See* LOCAL RULE CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663, 680 (S.D. Tex. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

The Court is also mindful that it "must construe the pleadings of *pro se* litigants liberally to prevent the loss of rights due to inartful expression." *Perez v. Dall. Cnty. Jail*, No. 3:20-cv-01761, 2022 WL 1215781, at *2 (N.D. Tex. Mar. 31, 2022) (internal citations omitted); *see also Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). "But 'liberal construction does not require that the Court . . . create causes of action where there are none.'" *Rolan v. LaSalle Sw. Corr.*, No. 3:20-cv-2842, 2021 WL 5568168, at *3 (N.D. Tex. Nov. 1, 2021), *R & R adopted*, 2021 WL 5566769 (N.D. Tex. Nov. 29, 2021), *appeal dismissed*, No. 22-10018, 2022 WL 3130815 (5th Cir.

Aug. 4, 2022) (quoting *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013)).

## III. ANALYSIS

Plaintiff asserts approximately seventeen causes of action, including federal and state law claims, against U.S. Bank and PHH.[5] For the reasons that follow, the Court finds Plaintiff has failed to state a claim against U.S. Bank and PHH.[6]

### A.  Judicial Notice

As a preliminary matter, U.S. Bank and PHH request judicial notice of the First Deed of Trust (Dkt. 5-2),[7] the U.S. Bank Lien Assignment (Dkt. 5-3),[8] the Second Deed of Trust (Dkt. 5-4),[9] and the Anson Lien Assignment (Dkt. 5-5).[10] *See* Dkt. 5 at 3. No objection has been made, and these documents are public records previously filed in the real property records of Denton

---

[5] Plaintiff's Amended Complaint (Dkt. 4) is styled as a response to a summary judgment motion filed by Statebridge. *See* Dkt. 4 at 9 ("STATEBRIDGE COMPANY, LLC failed to prove it was entitled to . . .  summary judgment as a matter of law on its motion for a traditional summary judgment."). U.S. Bank and PHH represent to the Court the following: "It appears that Plaintiff seeks to use this action to, in part, collaterally attack a foreclosure judgment that was issued in favor of co-defendant Statebridge . . . Defendants have been unable to locate any such judgment and it appears that Statebridge conducted a non-judicial, rather than a judicial, foreclosure sale." Dkt. 5 at 2.

[6] Because the Court finds Plaintiff has failed to state a claim under any of his causes of action, the Court does not consider whether it is proper to invoke judicial estoppel. *See Kane v. Nat'l Union Fire Ins.*, 535 F.3d 380, 384 (5th Cir. 2008) (per curiam) (holding judicial estoppel is "an equitable doctrine, and the decision whether to invoke it is within the court's discretion . . . .") (internal quotations and brackets omitted).

[7] *See ERX-Deed of Trust Document Number 126306*, DENTON COUNTY REAL PROPERTY RECORDS, https://denton.tx.publicsearch.us/results?department=RP&recordedDateRange=20061010%2C20061011&searchOcr Text=false&searchType=quickSearch&searchValue=126306 (last visited January 11, 2023).

[8] *See ERX-Assignment Document Number 2010-121299*, DENTON COUNTY REAL PROPERTY RECORDS, https://denton.tx.publicsearch.us/results?department=RP&recordedDateRange=18510326%2C20230111&searchOcr Text=false&searchType=quickSearch&searchValue=2010-121299 (last visited January 11, 2023).

[9] *See ERX-Deed of Trust Document Number 126307*, DENTON COUNTY REAL PROPERTY RECORDS, https://denton.tx.publicsearch.us/results?department=RP&recordedDateRange=20061001%2C20061031&searchOcr Text=false&searchType=quickSearch&searchValue=126307 (last visited January 11, 2023).

[10] *See Assignment Instrument Number 2009-54713*, DENTON COUNTY REAL PROPERTY RECORDS, https://denton.tx.publicsearch.us/results?department=RP&recordedDateRange=20061001%2C20120111&searchOcr Text=false&searchType=quickSearch&searchValue=2009-54713 (last visited January 11, 2023).

County. "In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005)). Courts in the Fifth Circuit routinely find deeds and the assignment of property loans as documents to be judicially noticeable "because they are matters of public record and their contents cannot reasonably be disputed." *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 213 (N.D. Tex. 2020) (citing *Norris*, 500 F.3d at 461 n.9; FED. R. EVID. 201(b)(2)); *see, e.g.*, *Robinson v. PennyMac Loan Servs., LLC*, No. 4:22-cv-16, 2022 WL 17824484, at *2 (E.D. Tex. Nov. 16, 2022), *R. & R. adopted*, 2022 WL 17823974 (E.D. Tex. Dec. 19, 2022) ("The Court finds its appropriate to take judicial notice. The Deed, Assignment, and Notice of Sale are public records previously filed in the real property records of Denton County.") (collecting cases); *W.C. Chapman, L.P. v. Cavazos*, No. 4:21-cv-893, 2022 WL 1558502 at *6 (E.D. Tex. May 17, 2022) ("It is well-settled that courts may take judicial notice of matters of public record. Here, the Deed is a public record since it was filed in the real property records . . . and recorded.") (collecting cases).

Therefore, the Court finds it proper to take judicial notice of the First Deed of Trust (Dkt. 5-2), the U.S. Bank Lien Assignment (Dkt. 5-3), the Second Deed of Trust (Dkt. 5-4), and the Anson Lien Assignment (Dkt. 5-5).

### B.  Federal Claims

Plaintiff asserts several causes of action under the FDCPA, Regulation X, 15 U.S.C. Section 1641(g), 42 U.S.C. Section 1983, and 18 U.S.C. Sections 241, 242, 1005. For the reasons that follow, Plaintiff fails to plausibly allege a claim under any of these federal statutes.

### 1.  *Fair Debt Collection Practices Act*

"To state a claim under the FDCPA, the plaintiff must show: (1) he was the object of collection activity arising from a consumer debt; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Polk v. Mvconnect, LLC*, No. 3:21-cv-00075, 2022 WL 1747000, at *2 (S.D. Tex. May 31, 2022) (citing *Douglas v. Select Portfolio Servicing Inc.*, No. CIV.A. 4:14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015)). Under the FDCPA, a debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

In support of his FDCPA claim, Plaintiff alleges "[e]ach of said defendants, at times relevant hereto, was a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts . . . ." Dkt. 4 at 20. Plaintiff asserts "U.S. Bank, N.A., et al, et al and the U.S. Bank, N.A., et al Pass-Through Certificates, Series 2006-AR18 Trust, as the purported assignee of Statebridge Company, LLC Mortgage, LLC, violated FDCPA by using false, deceptive, and or/misleading representations." *Id.* at 21. Plaintiff also alleges Defendants "were involved in other fraudulent[] activity against [Plaintiff] by not sending mortgage statements from 2011 to 2021 on the second mortgage." *Id.* U.S. Bank and PHH argue "Plaintiff's claim under the FDCPA consists of little more than a recitation of various

subsections of the statute. Nowhere in the [Amended] Complaint does Plaintiff identify any specific collection activity on the part of PHH or U.S. Bank. . . . Further, Plaintiff does not allege that the First Loan was in default at the time it was assigned to U.S. Bank." Dkt. 5 at 10–11.

Generally, "[m]ortgage companies collecting debts are not 'debt collectors.'" *See Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). "The same is true for mortgage servicing companies." *Capistrano v. Bank of N.Y. Mellon*, No. 4:16-cv-871, 2017 WL 1758052, at *6 (E.D. Tex. Apr. 3, 2017), *R. & R. adopted*, 2017 WL 1739961 (E.D. Tex. May 3, 2017) (citing *Perry*, 756 F.2d at 1208; *Ayers v. Aurora Loan Servs.*, LLC, 787 F. Supp. 2d 451, 456 (E.D. Tex. 2011)). The FDCPA expressly excludes mortgage companies and mortgage servicing companies from its definition of debt collector "as long as the mortgage was not in default at the time it was assigned by the originator." *Miller v. BAC Home Loans Servicing*, L.P., 726 F.3d 717, 723 (5th Cir. 2013) (internal quotation omitted) (cleaned up).

In reviewing Plaintiff's Amended Complaint (Dkt. 4), Plaintiff never discusses any action taken by PHH regarding his FDCPA claim and confusingly lumps U.S. Bank with Statebridge. *See id.* at 20–22. Specifically, Plaintiff asserts U.S. Bank and Statebridge used "false, deceptive, and or/misleading representations" and did "not send[] mortgage statements from 2011 to 2021 on the second mortgage." *Id.* at 21. However, taking Plaintiff's allegations as true, Statebridge was the holder of the Second Loan, not U.S. Bank and PHH. *See id.* at 5. Furthermore, as U.S. Bank and PHH argue, Plaintiff does not assert in the Amended Complaint (Dkt. 4) that the First Loan was in default when assigned to U.S. Bank in 2010, or that PHH began servicing the First Loan after default. *See generally id.* Additionally, Plaintiff does not allege the Second Loan was in default when assigned to Statebridge in 2008. See *id.* at 5. Thus, Plaintiff fails to allege U.S. Bank

and PHH are debt collectors under the FDCPA. *See Nall v. Cenlar, FSB*, No. 4:15CV259, 2015 WL 3776617, at *2 (E.D. Tex. June 17, 2015), *R. & R. adopted*, 2015 WL 4380858 (E.D. Tex. July 15, 2015) ("Plaintiff has not stated facts that show Defendant qualifies as a debt collector, and his claim under the FDCPA does not go beyond mere labels and conclusions. Indeed, Plaintiff has failed to provide any argument in response to show his FDCPA claims are sufficiently stated.") (internal quotation and quotation marks omitted); *see also Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870, 884 (S.D. Tex. 2013) ("The mortgage company defendant thus did not qualify as a debt collector even if the mortgage was in default when acquired—because it 'was not specifically assigned Brown's mortgage for debt-collection purposes,' but rather acquired it through merger." (quoting *Brown v. Morris*, 243 F. App'x 31, 34–35 (5th Cir. 2007))).

Thus, Plaintiffs fails to state a claim under the FDCPA against U.S. Bank and PHH.

2. *Regulation X, 12 C.F.R. § 1024.41(b)(2)(i)(A)*

Regulation X, 12 C.F.R. § 1024.41, of the Code of Federal Regulations implements the provisions of the Real Estate Settlement Procedures Act of 1974 ("RESPA"). Under RESPA, a mortgage loan servicer is required to promptly review a complete loss mitigation application filed forty-five days or more before a foreclosure sale to determine if the application is complete and notify the borrower in writing within five days after receiving the loss mitigation application to inform the applicant whether the application is complete or incomplete. *See* 12 U.S.C. § 1024.41(b)(2).

In alleging his claim under Regulation X, Plaintiff largely recites the statutory language and asserts "Defendant U.S. Bank, N.A. et al, did not conduct a review to determine whether the Plaintiff's submitted loan modification application represented a complete or an incomplete loan modification" Dkt. 4 at 39. U.S. Bank and PHH argue Plaintiff fails to state a claim under Section

1024.41(b) because "[n]owhere in the Complaint does Plaintiff clearly allege that [Plaintiff] submitted a loan modification application to PHH or U.S. Bank, much less identify *when* he sent the purported application or any specific documents he allegedly submitted with the application." Dkt. 5 at 20.

In reviewing the Amended Complaint (Dkt. 4), it is unclear whether Plaintiff alleges he ever filed a complete loss mitigation application, i.e. a loan modification application, to U.S. Bank. *See generally id.* Plaintiff's only allegations regarding an unsuccessful loan modification are as follows: "2019 Statebridge Company LLC came out of the wood work and mov[ed] to foreclose. . . . [Plaintiff] [t]ried to get loan mod[ification] and no response what so ever." *Id.* at 6. As throughout his Amended Complaint (Dkt. 4), Plaintiff appears to have mistakenly lumped U.S. Bank with Statebridge. By Plaintiff's own pleadings, it was Statebridge that moved to foreclose on Plaintiff's Property on May 2, 2022. *See id.* at 7. Even if Plaintiff had not mistakenly lumped U.S. Bank with Statebridge, Plaintiff has failed to allege when he submitted a complete loss mitigation application to U.S. Bank, let alone that he has submitted such an application. This alone requires dismissal of his Regulation X, Section 102.41(b) claim. *See Forscht v. Select Portfolio Servicing, Inc.*, No. H-17-2659, 2018 WL 1757610, at *2 (S.D. Tex. Apr. 12, 2018) ("Without some factual allegations on when a plaintiff submitted a complete loss mitigation application, a Regulation X claim does not rise beyond the speculative level." (citing *Guerrero v. Bank of Am. N.A.*, No. H-17-239, 2017 WL 2876504, at *5 (S.D. Tex. July 6, 2017))); *Nwankwo v. U.S. Bank, N.A.*, No. 19-cv-869, 2020 WL 10050710, at *3 (N.D. Tex. Feb. 3, 2020), *R. & R. adopted*, 2020 WL 10050708 (N.D. Tex. Feb. 19, 2020) ("As [the defendant] points out, [the plaintiffs] did not specify in their complaint when they submitted their [loan modification application] — or

resubmitted it as the case may be." (citing *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016))).

Thus, Plaintiff fails to state a claim under Regulation X, Section 1024.41(b) against U.S. Bank and PHH.

### 3. *15 U.S.C. Section 1641(g)*

Plaintiff alleges Defendants violated the "Consumer Credit Protection Act" under "15 USC Chapter 41 § 1461(g)" by "refusing to disclose the purported assignments/transfer of the Promissory Note and DOT." Dkt. 4 at 38. U.S. Bank and PHH argue 15 U.S.C. Section 1461 is a statute entitled "Effect Upon State Law" and Plaintiff likely intended to rely on 15 U.S.C. Section 1641(g). *See* Dkt. 5 at 19. U.S. Bank and PHH assert that a Section 1641(g) claim is subject to a one-year statute of limitations and assignment of the loan to U.S. Bank occurred in 2010. *See id.*

U.S. Bank and PHH are correct that 15 U.S.C. Section 1461 refers to a provision regarding the fair packaging and labeling program entitled "Effect Upon State Law", *see* 15 U.S.C. § 1461, and there is no subsection (g) under this statute. Accordingly, Plaintiff most likely intended to refer to 15 U.S.C. Section 1641(g), entitled "Notice of new creditor." *See* 15 U.S.C. § 1641(g). Under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and specifically Section 1641(g), an "assignee of the debt" is required to "notify the borrower in writing of such transfer" no later than thirty days after the date on which a mortgage loan is sold or assigned to a third party. 15 U.S.C. § 1641(g).

"TILA claims under Section 1641(g) 'are subject to a one year statute of limitations which runs from the end of the 30 days period after the date of an assignment.'" *Rivers v. Bank of Am., N.A.*, No. 3:15-cv-704, 2015 WL 4661915, at *5 (N.D. Tex. Aug. 6, 2015) (quoting *Benitez v. Am.'s Wholesale Lender*, No. H–14–953, 2014 WL 3388650, at *2 (S.D. Tex. July 9, 2014); 15

U.S.C. § 1641(e)); *accord Brewer v. Bank of Am.*, No. 4:13-cv-638, 2014 WL 12575864, at *3 (E.D. Tex. Sept. 29, 2014), *R. & R. adopted*, 2015 WL 123775 (E.D. Tex. Jan 7, 2015), *aff'd.*, 627 F. App'x 358 (5th Cir. 2015) ("The general statute of limitations for damages under the TILA is one year after the violation.") (internal quotations and quotation marks omitted). In the present case, WMC Mortgage Company assigned the First Loan to U.S. Bank in November 2010, *see* Dkt. 5-3, and Plaintiff filed his original petition on April 27, 2022, *see* Dkt. 1. Plaintiff's Section 1641(g) claim against U.S. Bank and PHH is barred, as more than ten years have passed since the statute of limitations for Plaintiff's Section 1641(g) claim expired.

Thus, Plaintiff cannot state a claim under 15 U.S.C. Section 1641(g) against U.S. Bank and PHH.

### 4. 42 U.S.C. § 1983

"To state a claim pursuant to § 1983, a plaintiff must claim a violation of a right secured by the Constitution or laws of the United States and demonstrate that the deprivation was committed by a person acting under color of state law." *Lee v. Whispering Oaks Home Owners' Ass'n*, 797 F. Supp. 2d 740, 755 (W.D. Tex. 2011) (citing *Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir. 1997)). "To act under 'color of state law' a defendant must be clothed with the authority of state law; '[w]here there is no state action, no section 1983 constitutional claim exists.'" *Lander v. JPMorgan Chase Bank Nat'l Ass'n.*, No. 4:21-CV-00353, 2022 WL 819214, at *2 (E.D. Tex. Feb. 23, 2022) (quoting *Yeager v. City of McGregor*, 980 F.2d 337, 339 (5th Cir. 1993)). Notwithstanding this limitation, a private party may be acting under color of state law, including where a plaintiff alleges the defendant private party conspired with or acted in concert with state actors. *See Chaney v. Races & Aces*, 590 F. App'x 327, 329 (5th Cir. 2014) (per curiam) (quoting *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005)). "The plaintiff must allege: (1) an

agreement between the private and public defendants to commit an illegal act, and (2) a deprivation of constitutional rights." *Herndon v. Scottrade*, No. 3:17-CV-3465-B-BH, 2018 WL 5115077, at *2 (N.D. Tex. Sept. 24, 2018), *R. & R. adopted*, 2018 WL 5113168 (N.D. Tex. Oct. 19, 2018), *appeal dismissed*, 2019 WL 2064475 (5th Cir. Jan. 17, 2019) (citing *Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 2004)).

Plaintiff asserts Defendants violated Section 1983 by "[p]articipating in a fraudulent scheme to improperly obtain Plaintiff's waiver of due process protections resulting in a substantial loss of Plaintiff's [P]roperty" and "[p]articipating in a fraudulent scheme to implement the objectives of the Plan, as it relates to the Subject Property, in violation of State and Federal law, by pursuing a sham Criminal complaint case after sham notices of violations against Plaintiff." Dkt. 4 at 44. Plaintiff asserts Defendants acted "under color of law" to violate: the Takings Clause and Plaintiff's due process rights under the Fifth and Fourteenth Amendments; Plaintiff's right to free expression under the First and Fourteenth Amendments; and Plaintiff's right to use of property under the Fourth and Fourteenth Amendments. *See* Dkt. 4 at 44–48. Additionally, Plaintiff alleges a conspiracy claim under Section 1983 against U.S. Bank, PHH, and Statebridge. *See id.* at 48–49. U.S. Bank and PHH argue, "Plaintiff fails to identify any specific conduct by Defendants that could plausibly have violated Plaintiff's rights under the U.S. Constitution. In fact, his allegations in support of his § 1983 claim are wholly conclusory, and compromised of 'mere labels and conclusions' and 'a formulaic recitation of the elements of a cause of action.'" Dkt. 5 at 22.

Plaintiff does not allege, nor can he, that U.S. Bank or PHH are state actors; nor does he allege that U.S. Bank or PHH acted in concert with a state actor. *See Hoffine v. Garansuay*, No. SA-19-CA-145, 2019 WL 2563846, at *2 (W.D. Tex. Mar. 28, 2019), *R. & R. adopted*, 2019 WL 2563838 (W.D. Tex. Apr. 16, 2019) ("Plaintiff alleges that the case involves the denial of due

process regarding illegal mortgage company procedures. Mortgage companies, however, are private entities, not government entities."); *Jenkins v. Ameriquest Mortg. Co.*, No. 3:10-cv-2517, 2011 WL 13233172, at *2 (N.D. Tex. Apr. 4, 2011) (finding mortgage company defendant was not a state actor for purposes of Section 1983 claims). On this basis alone, Plaintiff fails to state a claim under Section 1983, as he has not alleged a constitutional violation of his rights or a conspiracy to violate his constitutional rights. *See Hoffhine*, 2019 WL 2563846, at *2 (denying Plaintiff's Fourteenth Amendment due process claim for failure to allege the defendants are state actors); *Lander*, 2022 WL 819214, at *2 (finding the plaintiff's Section 1983 claim fails because the plaintiff "does not plausibly allege that [the defendant] is involved with a state actor."); *Carter v. Transp. Workers Union of Am. Local 556*, 353 F. Supp. 3d 556, 574–75 (N.D. Tex. 2019) ("The protections of the First and Fifth Amendments do not extend to private conduct, only to government action." (citing *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988))); *Williams v. Dillard's Dep't Stores, Inc.*, 211 F. App'x 327, 329 n.2 (5th Cir. 2006) (per curiam) ("[The defendant], a private actor, is not subject to the Fourth Amendment." (citing *United States v. Bazan*, 807 F.2d 1200, 1202 (5th Cir. 1986))).[11]

Therefore, Plaintiff fails to state a claim under Section 1983 against U.S. Bank and PHH.

5.  *18 U.S.C. §§ 241, 242, 1005*

Plaintiff asserts all Defendants violated his civil rights under 18 U.S.C. Sections 241, 242, 1005. *See* Dkt. 4 at 49–52. However, these statutes do not provide for a private cause of action

---

[11] Plaintiff has also referenced in passing Article 1 of the Texas Constitution as part of his Section 1983 allegations. *See* Dkt. 4 at 47. Section 1983 is a provision to enforce *federal* constitutional and statutory rights. *See Garcia v. Castillo*, 431 F. App'x 350, 352 (5th Cir. 2011) (per curiam) (citation omitted). Furthermore, for the same reasons Plaintiff fails to state a claim under Section 1983, Plaintiff would also fail to state a claim under the Texas Constitution. *See Black v. Option One Mortg. Corp.*, No. SA-07-CA-151, 2007 WL 9706423, at *10 (W.D. Tex. Dec. 4, 2007*), R. & R. adopted*, 2009 WL 10700083 (W.D. Tex. Jan. 26, 2009) ("Accordingly, [the plaintiff] has failed to allege facts showing [the defendant] can be considered a state actor or state agent for the purpose of a claim under the Texas constitution.").

and, thus, Plaintiff fails to state a claim under these statutes. Federal courts have uniformly found there is no private cause of action under 18 U.S.C. Sections 241, 242. *See Fierro v. Robison* 405 F. App'x 925, 926 (5th Cir. 2010) (per curiam) (holding 18 U.S.C. Section 241 does not provide a private cause of action (citing *Cort v. Ash*, 422 U.S. 66, 79, (1975))); *Miller v. Louisiana*, No. 6:13-cv-609, 2013 WL 2553809, at *3 (W.D. La. June 10, 2013) (collecting cases) (finding no private cause of action under 18 U.S.C. Sections 241, 242); *Hao Liu v. City of Allen*, No. 4:17-cv-874, 2018 WL 2144363, at *4 (E.D. Tex. Mar. 12, 2018), *R. & R. adopted*, 2018 WL 2129451 (E.D. Tex. May 9, 2016) (collecting cases) (finding there is no private cause of action under 18 U.S.C. Section 242); *Powell v. Galveston Indep. Sch. Dist.*, No. G-06-415, 2006 WL 2239097, at *4 (S.D. Tex. Aug. 1, 2006) (finding no private cause of action under 18 U.S.C. Section 241). Similarly, federal courts have uniformly found 18 U.S.C. Section 1005 does not provide a private cause of action. *See Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954–55 (N.D. Tex. 2013) (citation omitted); *Boykin v. Vincent, Jr.*, No. 4:19-cv-1401, 2020 WL 1686852, at *4 n.2 (S.D. Tex. Apr. 6, 2020) (collecting cases); *Leaming v. Stonegage Mortg.*, No. 16-8511, 2016 WL 5072499, at *2 n.4 (E.D. La. Sept. 20, 2016).

Thus, Plaintiff cannot state a claim under 18 U.S.C. Sections 241, 242, 1005 against U.S. Bank and PHH.

### C. State Law Claims

Plaintiff asserts several causes of action under state law, and for the reasons that follow, Plaintiff fails to plausibly allege a claim.

#### 1. Unjust Enrichment

Texas courts recognize unjust enrichment as "an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits." *Villarreal v. Grant*

*Geophysical, Inc.*, 136 S.W.3d 265, 270 (Tex. App.—San Antonio 2004, pet denied) (internal citation omitted). Under Texas law, "an unjust enrichment claim requires showing that one party 'has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.'" *Digit. Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 379–80 (5th Cir. 2020) (quoting *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (citing *Pope v. Garrett*, 211 S.W.2d 559, 560, 562 (1948))); *accord In re Connect Transp., L.L.C.*, 825 F. App'x 150, 154 (5th Cir. 2020) (per curiam). Unjust enrichment "is a quasi-contractual claim based on the absence of an express agreement and courts have held that there can be no unjust enrichment claim when there is a binding contract between the parties. *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 552 (N.D. Tex. 2021) (citing *Cooper v. Gates*, No. 3:16-CV-2630, 2017 WL 3209452, at *3 (N.D. Tex. Mar. 7, 2017) (citations omitted)). Furthermore, Texas law does not recognize unjust enrichment as an independent cause of action but allows such a claim as an alternative to a breach of contract claim. *See id.* (collecting cases).

Plaintiff alleges "[p]ursuant to the Pooling and Servicing Agreement ("PSA"), U.S. Bank N.A., et al surrendered its right to collect by lawsuit" and "by way of Plaintiff's said payments U.S. Bank, N.A. ., et al benefits were conferred on Statebridge Company, LLC [a]fter Plaintiff's account was securitized, U.S. Bank N.A., et al. continued accepting payments." Dkt. 4 at 17. U.S. Bank and PHH argue "Plaintiff appears to erroneously believe that U.S. Bank was the assignee of the Second Deed of Trust. This is evidenced by the fact that he associates U.S. Bank with Statebridge, the latter of which he identifies as the servicer of the Second Loan." Dkt. 5 at 8. Additionally, U.S. Bank and PHH argue "Plaintiff fails to identify specific payments or other benefits that he made to or conferred on Defendants or Statebridge" and Plaintiff's claim "fails for

the additional reason that there is a valid contract governing the respective obligations of Plaintiff and Defendants; namely, the First Deed of Trust." *Id.*

The First Deed of Trust (Dkt. 5-2) is an express contract between Plaintiff and U.S. Bank that governs their relationship, with PHH acting as servicer to the First Loan. As the First Deed of Trust (Dkt. 5-2) governs the relationship between the parties, Plaintiff cannot assert an unjust enrichment claim under Texas law. *See Middaugh*, 585 F. Supp. 3d at 552 ("First, the undersigned finds that [the plaintiffs'] unjust enrichment claim associated with the 2010 note transaction is barred because an express contract existed between the parties, which [the plaintiffs] do not dispute. Thus, [the plaintiffs'] appropriate legal remedy in this case does not fall under the purview of a quasi-contract action such as unjust enrichment."); *see also Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 422 (5th Cir. 2013) (per curiam) ("With respect to unjust enrichment . . ., Texas law is clear that such a claim is unavailable where a contract addresses the disputed matter, as is the case with the foreclosure process at issue here." (citing *Miga v. Jensen*, 299 S.W.3d 98, 102 (Tex. 2009))); *Baxter v. PNC Bank Nat'l Ass'n*, 541 F. App'x 395, 397 (5th Cir. 2013) (per curiam) ("There can be no recovery based on [unjust enrichment] when the same subject matter is covered by an express contract." (citing *Fortune Prod. Co. v. Conoco Inc.*, 52 S.W.3d 671, 684 (Tex. 2000))).

For the foregoing reasons, Plaintiff cannot plausibly allege an unjust enrichment claim against U.S. Bank and PHH.

2. *Fair Credit Extension Uniformity Act*

The purpose of the Fair Credit Extension Uniformity Act ("FCEAU") is to "establish[] what shall be considered unfair methods of competition and unfair or deceptive acts or practices with regard to the collection of debts" in the Commonwealth of Pennsylvania. 73 P.S. § 2270.2.

Accordingly, the FCEAU defines a "Consumer" as a "natural person residing in [Pennsylvania]." 73 P.S. § 2270.3.

Plaintiff alleges U.S. Bank, PHH, and Statebridge violated the FCEAU because the "home Loan account obligation was debt within the meaning of the FCEAU" and Plaintiff "is a 'consumer' within the meaning of the FCEAU." Dkt. 4 at 19. Plaintiff further alleges "Defendant violated the FCEAU by using false, deceptive, and/or misleading representations" and "by attempting to collect an amount . . . not expressly authorized by an agreement creating the debt . . . ." *Id.* U.S. Bank and PHH argue "Plaintiff allegations show that he is *not* a consumer residing in the Commonwealth of Pennsylvania" and the "First Deed of Trust . . . reflects that it is governed by federal and Texas law, not Pennsylvania law." Dkt. 5 at 9–10.

By Plaintiff's own allegations, Plaintiff is not a "consumer" under the FCEAU, as he does not reside in Pennsylvania. *See* Dkt 4 at 2. Rather, Plaintiff has lived in Denton County, Texas, at all relevant times. *See* 73 P.S. § 2270.3 (defining a consumer as a "natural person residing in [Pennsylvania]."). Additionally, the First Deed of Trust (Dkt. 5-2) by its own terms states it is governed by federal and Texas law. *See id.* at 14. Therefore, the FCEAU is not applicable to the First Deed of Trust and Plaintiff cannot allege the requisite elements under the FCEAU. *See White v. Ameriquest Mortg.*, No. H-18-4013, 2019 WL 2297572, at *8 n.5 (S.D. Tex. May 30, 2019) ("The [plaintiffs] have not explained why Pennsylvania law applies to their mortgage, and the note and deed stipulate that Texas law controls . . . .").

Therefore, Plaintiff cannot state a claim under the FCEAU.

3. *"Reasonable Reliance/Detrimental Reliance"*

Plaintiff alleges "Defendants, and each of them, do not have an equitable right to foreclose on the Property because Defendants, and each of them, have failed to perfect any security interest

21

in the Real Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust." Dkt. 4 at 22. Plaintiff further alleges he "detrimentally relied and had reasonable reliance on the servicer to grant him a modification and made numerous attempts only to be turned down time and time again for unreasonable reasons." Dkt. 4 at 24. U.S. Bank and PHH argue that detrimental reliance is an "element required to prove fraud or negligent misrepresentation" and not by itself a cause of action. Dkt. 5 at 11.

As U.S. Bank and PHH argue, reasonable/detrimental reliance is merely an element of other claims and does not appear to be a cause of action unto itself. *See Highland Crusader Offshore Partners LP v. LifeCare Holdings Inc.*, 377 F. App'x 422, 428 (5th Cir. 2010) (per curiam) ("Justifiable or reasonable reliance is an element of both fraud and negligent misrepresentation [under Texas law.]") (collecting cases); *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 140 (Tex. App.–Corpus Christi 2001) (explaining reasonable reliance is an element of promissory estoppel). Furthermore, by Plaintiff's own allegations, it is not clear if a statement was made to him that he would be granted a loan modification other than Plaintiff's own conclusory assertions that he "made numerous attempts only to be turned down time and time again for unreasonable reasons." Dkt. 4 at 24. While unclear, if Plaintiff is seeking to allege a negligent misrepresentation claim, he has failed to do so, as he has not alleged the requisite misstatement of existing fact. *See Agri-Plastics, Inc. v. Hog Slat, Inc.*, No. 3:09-cv-1271, 2010 WL 711811, at *3 (N.D. Tex. Feb. 26, 2010) (finding negligent misrepresentation claim "cannot be based on promises to act or not act in the future, but rather must focus on misstatements of existing fact") (internal citations omitted); *Thawar v. 7-Eleven, Inc.*, 165 F. Supp. 3d 524, 533 (N.D. Tex. 2016).

Thus, Plaintiff's "reasonable reliance/detrimental reliance" claim should be dismissed.

22

4. *Slander of Title*

"To state a slander of title claim under Texas law, Plaintiffs must establish: '(1) the uttering and publishing of disparaging words; (2) that they were false; (3) that they were malicious; (4) that special damages were sustained thereby; (5) that the plaintiff possessed an estate or interest in the property disparaged; and (6) the loss of a specific sale' of the [p]roperty due to the uttering and publishing of the allegedly disparaging words." *Slocum v. Sebring Capital Partners, LP*, No. 4:18-cv-29, 2018 WL 3470300, at *10 (E.D. Tex. June 27, 2018), *R. & R. adopted*, 2018 WL 3460245 (E.D. Tex. July 17, 2018) (quoting *Emeribe v. Wells Fargo Bank, N.A.*, No. H-12-2545, 2013 WL 140617, at *3 (S.D. Tex. Jan. 10, 2013)).

Plaintiff's slander of title claim is based on  the "act of recording the purported U.S. Bank, N.A., et al Assignment of Deed of Trust into the Official Records of the Denton [] County Recorder's Office is a communication to a third party of false statement . . . ." Dkt. 4 at 31. U.S. Bank and PHH argue Plaintiff misunderstands the relationship between U.S. Bank and Statebridge, as Statebridge is the servicer of the Second Deed of Trust (Dkt. 5-4), not the First Deed of Trust (Dkt. 5-2). *See* Dkt. 5 at 12. U.S. Bank and PHH further argue that Plaintiff's slander of title claim is barred if it is predicated on the First Deed of Trust (Dkt. 5-2), and Plaintiff has not alleged that U.S. Bank or PHH made any false, disparaging statement that caused Plaintiff to lose a specific sale of property. *See* Dkt. 5 at 13.

Plaintiff has failed to allege the requisite elements of a slander of title claim, including failing to allege the loss of any *specific* sale. *See Slocum*, 2018 WL 3470300, at *10 (collecting cases) ("Specifically, [the p]laintiffs do not plead the following necessary elements: that the assignment at issue constitutes uttering or publishing disparaging words; that any such disparaging words were false or malicious; that any such disparaging words caused them special damages; or

that the alleged slander of title caused them to lose a specific sale of the [p]roperty."); *McLaughlin v. Wells Fargo Bank, N.A.*, No. 4:12-cv-2658, 2013 WL 5231486, at *3 (S.D. Tex. Sept. 13, 2013) ("Without a potential buyer, Plaintiff cannot claim that he lost a specific sale or suffered damages, essential elements of a claim for slander of title."). Additionally, Plaintiff's claim against U.S. Bank and PHH for the U.S. Bank Lien Assignment (Dkt. 5-3) is time-barred. WMC Mortgage Company assigned the First Loan to U.S. Bank on November 9, 2010, *see* Dkt. 5-3, and Plaintiff filed this lawsuit on April 27, 2022, *see* Dkt. 1. The statute of limitations for slander of title is two years, and thus, Plaintiff's claim against U.S. Bank and PHH based on the U.S. Bank Lien Assignment (Dkt. 5-3) in 2010 is time-barred. *See Spencer v. Hughes Watters Askanase, LLP*, No. 5:16-cv-62, 2016 WL 1626634, at *6 (W.D. Tex. Apr. 21, 2016) (citing Tex. Civ. Prac. & Rem. Code § 16.003(a)); *Poag v. Flories*, 317 S.W.3d 820, 826 (Tex. App.—Fort Worth 2010, pet. Denied) ("The two-year statute of limitations governs a claim for slander of title."); *Cao v. BSI Fin. Servs., Inc.*, No. H-17-321, 2017 WL 5157625, at *5 (S.D. Tex. Oct. 19, 2017), *R. & R. adopted*, 2017 WL 5144289 (S.D. Tex. Nov. 6, 2017).

Therefore, Plaintiff cannot allege a claim for slander of title against U.S. Bank and PHH.

5.   *"Fraud in the Concealment" and "Fraud in the Inducement"*

To state a fraudulent inducement claim, the plaintiff must allege: "(1) a material misrepresentation; (2) that is false; (3) the defendant knew when it made the representation that it was false or made the statement without any knowledge of its truth; (4) the defendant intended the plaintiff to rely on the representation, and the plaintiff actually relied on the representation; and (5) the defendant's actions caused an injury." *Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc*., 960 S.W.2d 41, 47 (Tex. 1998)). "Fraudulent inducement 'is a particular

species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof.'" *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 582 (N.D. Tex. 2013) (quoting *Bohnsack v. Varco, LP*, 668 F.3d 262, 277 (5th Cir. 2012) (quoting *Haase v. Glazner*, 62 S.W.3d 795, 798–99 (Tex. 2001)). The statute of limitations for fraud, including fraudulent inducement, is four years. *Cannedy v. Wells Faro Bank, N.A.*, No. 4:16-cv-00046, 2016 WL 3946793, at *3 (E.D. Tex. June 28, 2016), *R. & R. adopted*, 2016 WL 3917715 (E.D. Tex. July 20, 2016) (citing Tex. Civ. Prac. Rem. Code§ 16.004(a)(4)).

To state a claim for fraud in federal court, the plaintiff must state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b). Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."*Id.* Rule 9(b)'s particularity requirement generally requires the pleader set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). Furthermore, Rule 9(b)'s particularity requirement supplements Rule 8(a), which "prohibits any claims that are merely conceivable rather than plausible." *United States ex rel. Integra Med Analytics, L.L.C. v. Baylor Scott & White Health*, 816 F. App'x 892, 897 (5th Cir. 2020) (citing *Iqbal*, 556 U.S. at 680). A claim is "merely conceivable and not plausible if the facts pleaded are consistent with both the claimed misconduct and a legal and obvious alterative explanation." *Id.* (internal citation omitted). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *See United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

Plaintiff alleges a "Fraud in the Concealment" "claim" for "concealing the securitization" as the loan "changed in character inasmuch as no single party would hold the Note but rather the Notes would be included in a pool with other notes, split into tranches, and multiple investors would effectively buy shares of the income stream from the loans." Dkt. 4 at 31. Additionally, Plaintiff alleges a "Fraud in the Inducement" claim as "Defendants, intentionally misrepresented to Plaintiff those Defendants were entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust." Dkt. 4 at 33. Plaintiff alleges Defendants misrepresented that they are the "'holder and owner' of the Note" but "this was not true . . . [d]ocuments state that the original lender allegedly sold the mortgage loan to U.S. Bank, N.A., et al. . . . ." *Id.* at 34–35. U.S. Bank and PHH argue Plaintiff fails to meet Rule 9(b)'s particularity requirement, Plaintiff is presumed to know the contents of the First Deed of Trust and possible assignability, and Plaintiff's claims are time-barred. *See* Dkt. 5 at 14–15.

First, "'fraudulent concealment is not an independent cause of action, but is rather a tolling provision to prevent the defendant from relying upon a statute of limitations period as an affirmative defense.'" *Buraimoh v. BMW of N. Am., LLC*, No. 1:20-cv-19, 2020 WL 7711823, at *6 (W.D. Tex. Dec. 29, 2020), *R. & R. adopted*, 2021 WL 2189176 (W.D. Tex. Jan. 26, 2021) (quoting *Sweezey v. C.R. Bard Inc.*, No. 3:19-cv-2172, 2020 WL 1237394, at *1 (N.D. Tex. Mar. 12, 2020)) (citation omitted). Thus, the Court turns to whether Plaintiff has plausibly alleged claims against U.S. Bank and PHH for fraudulent inducement.

As to Plaintiff's fraudulent inducement claim, Plaintiff does not allege what specific promise or statement underlies the inducement or when the alleged fraudulent inducement occurred and does not allege facts as to each Defendant. Rather, Plaintiff lumps all three Defendants together. *See Curtis v. Cenrer Corp.*, 621 B.R. 141, 170 (S.D. Tex. 2020); *R.P. Small*

*Corp. v. Land Dep't, Inc.*, 505 F. Supp. 3d 681, 714 (S.D. Tex. 2020) (finding the plaintiff failed to allege a fraudulent inducement claim or fraud claim when the plaintiff failed to allege "when misrepresentations were made by which particular defendant."); *Lakiesha v. Bank of N.Y. Mellon*, No. 3:15-cv-901, 2015 WL 5934439, at *6 (N.D. Tex. Oct. 9, 2015) (granting motion to dismiss as the plaintiff's statement that the "purpose of the misrepresentations was to 'initate[e] the securitization process' . . . is unavailing because it reveals no reliance on the supposed misrepresentation by [the plaintiff] herself."). Regardless of Plaintiff's pleading defects, however, Plaintiff's claims for fraudulent inducement or fraud against U.S. Bank and PHH are time-barred. There is a four-year statute of limitations, and WMC Mortgage Company assigned the Lien to U.S. Bank in 2010. *See* Dkt. 5-4. Thus, Plaintiff has filed his lawsuit nearly seven years after the statute of limitations passed for a fraudulent inducement or fraud claim. *See Wingate v. Kerr-McGee Rocky Mountain Corp.*, 353 F. Supp. 2d 779, 783 (E.D. Tex. 2005) (finding the plaintiff's fraudulent inducement claim time-barred as it was filed after the four year statute of limitations); *see also Curtis*, 621 B.R. at 169.

Therefore, Plaintiff cannot allege a claim for fraudulent inducement or fraud generally against U.S. Bank and PHH.

    *6.   Unconscionable Contract*

"Under Texas law, a four-year statute of limitations applies to claims for breach of contract and unconscionable contract." *Slocum*, 2018 WL 3470300, at *7 (collecting cases); *see also Bruning v. Nationstar Mortg., L.L.C.*, No. 3:170cv0802, 2018 WL 1135417, at *2 (N.D. Tex. Feb. 8, 2018), *R. & R. adopted*, 2018 WL 1083621 (N.D. Tex. Feb. 28, 2018) (citing *Beavers v. Met. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009); *Dumdei v. Certified Fin. Planner Bd. of Standards, Inc.*, No. 3:98-CV-1938-H, 1999 WL 787402, at *4 (N.D. Tex. Oct. 1, 1999)). "[T]he question of

when a cause of action accrues is a matter of law for the court to decide." *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566–67 (Tex. 2001)).

Plaintiff's unconscionable contract claim against U.S. Bank and PHH is time-barred. Plaintiff alleges "U.S. Bank, N.A., et al presented in the origination of the purported loan that specific criteria such as FICO score and other industry standard underwriting requirements must be met to qualify for a loan of money . . . ." Dkt. 4 at 36. Plaintiff further alleges "[t]he loan Plaintiff Brian White received was an 80/20 loan or a 100% LTV Loan. This loan was a highly predatory adjustable rate loan at 8.55% interest with a balloon payment . . . Plaintiff was given a modification in 2011 which provided no net benefit of lowering his monthly payment and [Plaintiff] thought his second mortgage was modified . . . ." *Id.* U.S. Bank and PHH argue Plaintiff does not differentiate between the First and Second Loan, and regardless, such a claim is barred by the statute of limitations based either on these Loans or an alleged 2011 modification. *See* Dkt. 5 at 16–17.

U.S. Bank and PHH are correct. A claim for unconscionable contract accrues at the time the contract is formed. *See Linder v. Deutsche Bank Trust Co.*, No. EP-14-CV-259, 2015 WL 12743639, at *5 (W.D. Tex. Jan. 6, 2015) (citing *Wade v. Austin*, 524 S.W.2d 79, 86 (Tex. Civ. App.—Texarkana 1975, no writ); Tex. Bus. & Com. Code Ann. § 2.302(a)). By Plaintiff's allegations, the Loans were signed in October 2006, and there was allegedly a loan modification in 2011. *See* Dkt. 4 at 5–6; *see also* Dkt. 5-2 (showing First Deed of Trust, i.e. the First Loan, was entered into in October 2006). As Plaintiff filed his unconscionable contract claim more than five years after the alleged loan modification in 2011, such a claim is barred by the statute of limitations. *See Slocum*, No. 2018 WL 3470300, at *7 (collecting cases).

Thus, Plaintiff cannot plausibly allege an unconscionable contract claim against U.S. Bank and PHH.

7. *Breach of Contract*

In order to establish a breach of contract claim under Texas law, the plaintiff "must plead facts showing (1) the existence of a valid contract; (2) performance or tender of performance by [the plaintiff]; (3) breach by [the defendant]; and (4) damages resulting from the breach." *Obumseli v. Citimor[t]gage,* No. 4:12cv706, 2013 WL 3197911, at *2 (E.D. Tex. June 21, 2013), *R. & R. adopted*, 2013 WL 12153579 (E.D. Tex. Aug. 23, 2013) (citing *Cadillac Bar West End Real Estate v. Landry's Rests., Inc.*, 399 S.W.3d 703, 705 (Tex. App.—Dallas 2013, no pet.)); *see also Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App. —Houston [1st Dist.] 2001, no pet.).

Plaintiff alleges "U.S. Bank, N.A., et al., was paid in full for their Accommodated Capacity to the Tangible Note and Deed of Trust when it sold and relinquished its interest in Plaintiff's real property to 11322 Stoney Falls Dr., Houston, Tx. 77095. Defendant U.S. Bank, N.A., et al, et., al., failed to satisfy, release and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Deed of Trust." Dkt. 4 at 37. U.S. Bank and PHH argue "Plaintiff's claim for breach of contract is incomprehensible . . . The statement that U.S. Bank 'sold and relinquished it interest' in some unrelated property located 11332 Stoney Falls Dr., Houston, TX, is nonsensical. Insofar as Plaintiff's claim is premised on his contention that a 2011 modification of the First Loan satisfied the Second Loan, his claim is time-barred." Dkt. 5 at 18.

The Court agrees with U.S. Bank and PHH that it is unclear how the sale of a different property —11332 Stoney Falls Dr., Houston, TX—is related to the First Deed of Trust (Dkt. 5-2). Nor do Plaintiff's allegations point to a time when such a sale occurred. Perhaps more importantly,

Plaintiff's allegations do not even point to which contract, i.e., the First or Second Loan, is in breach. In sum, Plaintiff's breach of contract allegations suffer from a complete lack of clarity. *See Sandhar v. Grewal*, No. H-08-2348, 2009 WL 175073, at *4 (S.D. Tex. Jan 23, 2009) (explaining that Rule 8(a)(2) requires the plaintiff to plead "the date of the contract, the parties to the contract, and the provisions of the contract allegedly breached"); *Burton v. Companion Prop. and Cas. Ins. Co.*, No. W-14-cv-054, 2014 WL 12490005, at *3 (W.D. Tex. July 29, 2014) (finding the plaintiff failed to comply with Rule 8 when the plaintiff failed to point to a policy provision that covered the relevant claims or that the defendant's action was relevant to a provision of the contract).

Thus, Plaintiff's fails to allege a breach of contract claim against U.S. Bank and PHH.

8. *Intentional and Negligent Infliction of Emotional Distress*

To state a claim for intentional infliction of emotional distress, Texas law requires the following four elements be alleged: "(1) that the defendant acted intentionally or recklessly; (2) that the conduct was 'extreme and outrageous'; (3) that the actions of defendant caused the plaintiff emotional distress; and (4) that the emotional distress suffered by the plaintiff was severe." *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1142 (5th Cir. 1991) (quotation omitted); *Tex. Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 610 (Tex. 2002) (internal quotation marks and citations omitted). "[I]ntentional infliction of emotional distress is a 'gap-filler' tort never intended to supplant or duplicate existing statutory or common-law remedies." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005). Additionally, "Texas does not recognize the tort of negligent infliction of emotional distress." *Hirras v. Nat'l R.R. Passenger Corp.*, 44 F.3d 278, 280 n.3 (5th Cir. 1995) (citing *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993)). Therefore, the Court turns only to whether Plaintiff has alleged a claim for intentional infliction of emotional distress.

Plaintiff alleges "[o]ver the last several years of litigation against U.S. Bank, N.A. et al . . . Plaintiff has had to visit a doctor and has had to seek therapy for depression."[12] Dkt. 4 at 42. Plaintiff further alleges "[t]his collection scheme has caused the Plaintiff emotional distress." *Id.* U.S. Bank and PHH argue Plaintiff has not alleged any extreme or outrageous conduct, his claims relate only to the enforcement of contractual rights, and Texas does not recognize the tort of negligent infliction of emotional distress. *See* Dkt. 5 at 21–22.

In the present case, Plaintiff's allegations are that Plaintiff "had to visit a doctor and has had to seek therapy for depression" due to the last several years of litigation against U.S. Bank. Plaintiff's allegations are simply not sufficient to allege a claim for intentional infliction of emotional distress. Courts have found that enforcement of contractual rights to foreclose on a deed of trust does not meet the "high bar of 'outrageous' behavior." *Auriti v. Wells Fargo Bank, N.A.*, No. 3:12–CV–334, 2013 WL 2417832, at *8 (S.D. Tex. June 3, 2013) (citing *United Sav. Ass'n of Tex.*, 887 S.W.2d 155, 159I (Tex. App.—Texarkana 1994, writ denied); *Robinson v. BAC Home Loan Servicing, LP*, No. H–10–5168, 2011 WL 2490601, at *5–6 (S.D. Tex. June 21, 2011)). Furthermore, "even improper conduct that might in other situations constitute bad faith or invalidate a foreclosure—such as allegations that the bank violated part of the loan agreement, refused to negotiate, promised and then denied the plaintiff a loan modification, or that its bureaucracy generally made the plaintiff's life miserable—will not support an intentional infliction claim." *Id.* (collecting cases); *see also Laikesha*, 2015 WL 5934439, at *7 ("[The plaintiff] does argue that the foreclosure was wrongful and that it was done in bad faith, but 'even improper conduct that might in other situations constitute bad faith or invalidate a foreclosure . . . will not support an intentional infliction claim." (quoting *Auriti*, 2013 WL 2417832, at *8)).

---

[12] Plaintiff also refers to an "Affidavit of Brain White" but has not attached any affidavit. *See* Dkt. 4 at 42.

Thus, Plaintiff cannot allege a negligent infliction of emotional distress claim, nor has he alleged an intentional infliction of emotional distress claim against U.S. Bank and PHH.

### D. Declaratory and Injunctive Relief

When a state petition seeking declaratory relief is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Bruning*, 2018 WL 1135417, at *3 (citing *Turner v. AmericaHomeKey, Inc.*, No. 3:11-cv-0860-D, 2011 WL 3606688, at *5 n.11 (N.D. Tex. Aug. 16, 2011)). The availability of a declaratory judgment and injunctive relief depends upon the existence of an underlying judicially remediable right. *See id.* (citing *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (declaratory relief); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (injunctive relief)).

Plaintiff requests under the heading "Declaratory Relief" a declaration that "U.S. Bank, N.A., et al, or any purported assignee . . . is not the proper Plaintiff to sue to collect receivables" and an "[o]rder enjoining U.S. Bank, N.A., et al al during the pendency of this action and permanently thereafter, from suing any class members . . . ." Dkt. 4 at 53. U.S. Bank and PHH argue that because Plaintiff has failed to state a cause of action, his request for declaratory relief must also be dismissed. Dkt. 5 at 24.

As the Court finds Plaintiff has failed to state a claim under any of the alleged causes of action, his claim for declaratory and injunctive relief must also be dismissed. *See Bruning*, 2018 WL 1135417, at *3 ("[The] [p]laintiff has not stated a claim upon which relief can be granted; accordingly, his claims for declaratory and injunctive relief should be dismissed."); *Taylor v. Ditech Fin., LLC*, No. H-16-2465, 2017 WL 2362493, at *5 (S.D. Tex. May 31, 2017) ("Because [the [plaintiff's] substantive claims have been dismissed, his request for declaratory judgment must

also be denied. It is dismissed, with prejudice." (citing *Wagner v. Pennymac Loan Servs. LLC*, No. 3:16–cv–0124, 2016 WL 3360434, at \*4 (N.D. Tex. May 6, 2016))).

Therefore, Plaintiff's claim for declaratory and injunctive relief should be dismissed.

## IV. RECOMMENDATION

For the reasons set forth above, the Court recommends the Motion (Dkt. 5) be **GRANTED**; and Plaintiff's claims against U.S. Bank and PHH be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

## V. ORDER

**IT IS ORDERED** that the Clerk of Court is directed to send a copy of this Report and Recommendation to Plaintiff by certified mail return receipt requested and to Plaintiff's email address, trueliberty55@gmail.com.

**So ORDERED and SIGNED this 6th day of February, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE