IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN WHITE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-713-SDJ-KPJ |
| § | |
| STATEBRIDGE COMPANY, LLC, *et al.*, § | |
| § | |
| § | |
| Defendants. § | |
| § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. *See* Dkt. 3. As set forth below, the Court finds Plaintiff Brian White ("Plaintiff's") claims against Defendant Statebridge Company, LLC ("Statebridge") should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

On April 27, 2022, Plaintiff filed his original petition in the 481st Judicial District Court for Denton County, Texas. *See* Dkt. 1 at 1. Prior to the issuance of service of the original petition, Plaintiff filed a First Amended Complaint for Accounting, Damages, and Other Relief against Defendants U.S. Bank National Association, as Trustee for the Registered Holders of MASTR Asset Backed Securities Trust 2007-WMC1 Mortgage Pass-Through Certificates Series 2007-WMC1 ("U.S. Bank"), PHH Mortgage Corporation ("PHH"), and Statebridge (together, "Defendants"). On August 19, 2022, Defendants U.S. Bank and PHH filed a Notice of Removal (Dkt. 1). Statebridge consented to the removal of the State Court action. *See id.* at 2.

On August 26, 2022, U.S. Bank and PHH filed their Motion to Dismiss ("U.S. Bank and PHH's Motion") (Dkt. 5). On September 13, 2022, Plaintiff, who is proceeding *pro se*, filed the

1

Motion for Permission to Utilize the Court's Electronic Filing System (the "Motion to File Electronically") (Dkt. 9) and the Motion for Extension of Time to Respond to U.S. Bank and PHH's Motion to Dismiss (the "Motion for Extension of Time") (Dkt. 10). *See* Dkts. 9, 10. On September 27, 2022, U.S. Bank and PHH filed a response (Dkt. 12), wherein U.S. Bank and PHH represented they were not opposed to an extension of time for Plaintiff to file a response. *See id.* at 2–3.

On September 28, 2022, the Court granted Plaintiff an extension of time to respond and provided a response deadline of October 26, 2022. *See* Dkt. 12. On October 4, 2022, the Court denied the Motion to File Electronically (Dkt. 9); however, the Court found it would serve the interests of efficiency for Plaintiff to receive electronic notice of filings in this matter and ordered the Clerk of Court add Plaintiff's email address, trueliberty55@gmail.com, to Plaintiff's address of record and to send all case filings, including all previous filings, to Plaintiff via email. *See* Dkt. 13. On November 3, 2022, the Court ordered Plaintiff file a response to U.S. Bank and PHH's Motion to Dismiss (Dkt. 5), as Plaintiff had not filed a response by October 26, 2022. *See* Dkt. 14. The Court further ordered the Clerk of Court serve the November 3, 2022 Order (Dkt. 14) by certified mail return receipt requested and to Plaintiff's email address. *See id.* at 1. Plaintiff did not file a response.

On February 6, 2023, the Court filed the Report and Recommendation (the "Report") (Dkt. 18) recommending that U.S. Bank and PHH's Motion to Dismiss (Dkt. 5) be granted and all claims against U.S. Bank and PHH be dismissed with prejudice. *See* Dkt. 18. The Court further ordered the Clerk of Court serve the Report (Dkt. 18) by certified mail return receipt requested and to Plaintiff's email address. *See id.* Plaintiff did not file objections to the Report (Dkt. 18). On March 10, 2023, U.S. District Court Judge Sean D. Jordan entered the Memorandum Order Adopting

Report and Recommendation ("Memorandum Adopting") (Dkt. 19) granting U.S. Bank and PHH's Motion to Dismiss (Dkt. 5) and dismissing with prejudice Plaintiff's claims against U.S. Bank and PHH.

On March 20, 2023, the Court ordered Plaintiff file a status report regarding the status of this case on or before fourteen (14) days of receipt of the March 20, 2023 Order. *See* Dkt. 22. The Court further advised Plaintiff that failure to file a status report or otherwise act will result in the Court recommending this matter be dismissed without prejudice. *See id.* To date, Plaintiff has not taken any action or contacted the Clerk's office regarding this matter.

It is, therefore, recommended that Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE** for want of prosecution. *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**IT IS ORDERED** that the Clerk of Court is directed to send a copy of this Report and Recommendation to Plaintiff by certified mail return receipt requested and to Plaintiff's email address, trueliberty55@gmail.com.

**So ORDERED and SIGNED this 1st day of May, 2023.**

                                          KIMBERLY C. PRIEST JOHNSON
                                        UNITED STATES MAGISTRATE JUDGE